ANGLERO, PLAINTIFF AND APPELLEE, *v.* FERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action of Unlawful Detainer.

No. 2820.—Decided December 11, 1922.

UNLAWFUL DETAINER—LEASE—TITLE.—The plaintiff purchased a certain property from the Bank of San Juan. The defendant had leased the same property from the said bank. The plaintiff, who was not bound to respect the contract between the bank and the defendant, brought this action of unlawful detainer. The defendant alleged that there was pending an action brought by another person against the bank wherein the latter's title to the property was at issue. *Held:* That the existence of the other action had nothing to do with the prosecution of the action of unlawful detainer.

ID.—ID.—SALE OF LEASED PROPERTY.—When the purchaser of a property subject to a lease which is not recorded in the registry does not agree to respect the contract, although he may have knowledge of its existence, he is not bound by its terms, and if the lessee refuses to deliver the property to him

he may bring an action of unlawful detainer in the proper district court, for, there being no contract, the possession of the property by the lessee amounts to a tenancy at sufferance and no question arises concerning the amount of the annual rent, as held in *Sosa v. Río Grande Agrícola Co., Ltd.,* 17 P. R. R. 1106.

The facts are stated in the opinion.

*Mr. M. Gaetán Barbosa* for the appellant.

*Mr. R. Sancho Bonet* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Francisco Angleró brought an action of unlawful detainer against Antonia Fernández in the First District Court of San Juan. He alleged that he was the owner of a lot, which he described, situated in Melilla, Santurce; that he had made demands upon the defendant, who is in possession of the lot, to vacate it and leave it at his disposal, and that the defendant had refused to do so and continued in possession of it without paying any rent.

The defendant filed a demurrer alleging misjoinder of parties and answered denying the allegations of the complaint and making reference to a certain pending action in which the ownership of the lot in question was at issue, alleging that she had leased the lot from the Bank of San Juan and had been depositing the rent in the court.

After the evidence was examined the district court rendered judgment against the defendant, who thereupon took the present appeal.

It appears clearly that the defendant leased the property from the Bank of San Juan. The plaintiff acquired his title of ownership also from the same bank. The defendant testified at the trial that "Angleró went to my house and I proposed to him that inasmuch as the bank had sold him the lot on which my house was constructed, knowing that the ownership title was being disputed in the court, he should purchase the house, which had cost me $800 and which I would sell him for $600. Angleró left my house at

about eight o'clock at night, saying that he would return with the manager of the bank to purchase the house, but his answer was to bring me into this court." Angleró testified as follows:

"After I purchased the property I visited Antonia Fernández and asked her whether the bank had informed her that the property had been sold to me, and I told her that I had purchased the property and wanted to use it immediately. * * * I granted her no period of time because she said that she thought she had a right to the property under a lease, and then I returned to the bank and told the manager that the occupant of the property refused to vacate it and he told me to bring suit in the courts."

The fact that there is an action pending wherein a person distinct from the defendant claims the ownership of the property in question as included in a property of greater area has nothing to do with this case. The defendant contracted with the bank. The bank sold the property. The grantee is not bound by and was not willing to recognize the contract, and he having asserted his right before the court, however hard it may seem the court is under the obligation to recognize his right and enforce it in the manner prescribed by law.

In the brief a question of jurisdiction is raised. It is alleged that as the rent does not exceed $1,000 a year and it is not a case of sufferance, the district court had no jurisdiction of the case and the municipal court had jurisdiction. This same question was raised and decided adversely to the appellant's contention in the case of *Cuesta* v. *Ortiz,* 29 P. R. R. 460, wherein the following doctrine was laid down:

"When a property is leased and the contract is not recorded in the registry a purchaser of the property who does not bind himself to respect the contract of lease, although he may know of its existence, is not bound by its terms and if the lessee does not agree to deliver the property to him he may bring against the lessee an action of unlawful detainer in the proper district court, for there

being no contract, the possession of the lessee is as if he held the property at sufferance and there is no question of the amount of the annual rent.''

The appeal must be dismissed and the judgment appealed from

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.